IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. SANTIA, | ) | |
|     Plaintiff | ) | C.A. No. 11-280 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| MEDICAL DEPARTMENT, et al., | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**[1]

United States Magistrate Judge Susan Paradise Baxter

## I.    INTRODUCTION

### A.    Relevant Procedural and Factual History

On November 15, 2011, Plaintiff David A Santia, an inmate at the Erie County Prison in Erie, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Corizon Health, Inc., f/k/a Prison Health Services, Inc. (incorrectly identified in the complaint as the Erie County Prison Medical Department) ("Corizon"). Plaintiff subsequently moved to amend the caption of the complaint to add Defendants Erie County Prison ("ECP") and Dr. Barac ("Barac"). [ECF No. 4].

In his complaint, Plaintiff alleges that on November 1, 2011, he broke his eyeglasses and sustained unspecified injuries to his knee and back when a chair collapsed under him at ECP. Plaintiff claims that his Eighth Amendment rights were violated by the medical department because it "failed to treat [him] with respect and dignity to [his] injury." Plaintiff alleges further that when he attempted to file a grievance he was issued a misconduct for attempting to hoard

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 7, 31, 32, 33).

medications and was placed in the restricted housing unit ("RHU"). Plaintiff claims that the misconduct was issued in retaliation for his attempts to file a grievance regarding the quality of medical treatment he received after the chair incident. In addition, Plaintiff alleges that his Neurontin medication was wrongfully discontinued after he received the misconduct. As relief for his claims, Plaintiff seeks compensatory and punitive damages.

Defendants Corizon and Barac have filed motions to dismiss based, in part, on Plaintiff's failure to exhaust his administrative remedies. [ECF No. 11, 34]. Defendant ECP has filed its own motion to dismiss arguing, *inter alia*, that Plaintiff has failed to establish a proper basis for municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). [ECF No. 24]. Despite having been given more than ample time to do so, Plaintiff has failed to file a response to any of Defendants' motions. This matter is now ripe for consideration.

### B.     Standards of Review
#### 1.      Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906

(3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.   Exhaustion of Administrative Remedies

Defendants Corizon and Barac contend that Plaintiff's complaint should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:
> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

#### 1.   Exhaustion Standard

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as

particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992).  Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies.  Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2]  The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow.  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[3]

       The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...").  Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal."  Id. at 83; see also Spruill v. Gillis,  372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier

---

[2] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that c1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[3] There is no "futility" exception to the administrative exhaustion requirement.  Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'").  See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to ECP Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 107 U.S. at 217.

ECP's Inmate Manual, which is provided to each inmate at the time of commitment, outlines the grievance procedure inmates are required to follow. First, an inmate desiring to file a formal grievance must submit a written grievance form to the pod counselor within fifteen (15) days after a "potentially grievable event has occurred." The grievance is then submitted to the Warden's designee for investigation and response. In the event the grievance is not resolved, the inmate may file an appeal to the Warden within five (5) days of his receipt of the response from the Warden's designee. The Warden will then issue a final decision affirming, modifying, suspending or reversing the grievance response. See Rye v Erie County Prison, 689 F.Supp.2d 770 (W.D.Pa. 2009)(discussing grievance process at Erie County Prison).

### 3. Analysis

Here, Defendants Corizon and Barac argue that Plaintiff's complaint should be dismissed

because Plaintiff admits that he failed to utilize the state grievance procedure. As a general rule, however, it is not a plaintiff's burden to affirmatively plead exhaustion, Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Nonetheless, in this case it is clear from the brief ten-day period between the date of the alleged chair incident – November 1, 2011 – and the date Plaintiff filed his complaint – November 11, 2011, that Plaintiff could not possibly have exhausted his administrative remedies before filing suit. Thus, Plaintiff's claims against Defendants Corizon and Barac will be dismissed for Plaintiff's failure to exhaust his administrative remedies. See Lockett v. DeRose, 355 Fed. Appx. 582, 584 (3d Cir. 2009) (finding court's consideration of period between incident and date complaint filed appropriate for determining exhaustion of grievance process).

**D.     Municipal Liability**

Defendant ECP argues that it cannot be held liable for any of Plaintiff's claims under Section 1983 because Plaintiff has failed to set forth a basis for municipal liability under Monell v Department of Social Services, 436 U.S. 658 (1978). Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell, 436 U.S. at 694-95. Here, Plaintiff has failed to allege the existence of any such policy or custom. Furthermore, a policy, custom or practice cannot arise from one incident, i.e., the alleged failure to prevent and/or treat Plaintiff's injuries from the collapsed chair incident. See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)("Absent unusual circumstances, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker'").

Thus, Plaintiff has failed to state viable municipal liability claims against Defendant ECP and such claims will be dismissed accordingly.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. SANTIA, | ) | |
| Plaintiff | ) | C.A. No. 11-280 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| MEDICAL DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 19th day of July, 2012,

IT IS HEREBY ORDERED that the motions to dismiss filed by Defendants Corizon Health, Inc. [ECF No. 11], Erie County Prison [ECF No. 24], and Dr. Barac [ECF No. 34], are GRANTED and this case is DISMISSED.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge